UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CARLOS ESQUIVEL,<br><br>              Petitioner,<br><br>v.<br><br>JOHANNA SMITH,<br><br>              Respondent. | Case No. 1:11-cv-0030-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court in this habeas corpus matter is Respondent's Motion for Partial Summary Dismissal (Dkt. 10), Petitioner's Motion and Affidavit in Support for [sic] Appointment of Counsel (Dkt. 22), Petitioner's Motion to Court to File Decision or Response (Dkt. 25), Petitioner's Late Motion for Leave to File Amended Petition (Dkt. 27) and Petitioner's Motion for the Appointment of Counsel – Renewed (Dkt. 28). In the interests of avoiding further delay, the Court will decide these matters on the briefs and record without oral argument. D. Idaho L. Civ. R. 7.1.

For the reasons that follow, the Court will grant Petitioner's request for leave to file an Amended Petition but will deny Petitioner's two motions for the appointment of counsel. The Court will dismiss, as moot, Respondent's Motion for Partial Summary Dismissal of the original Petition and Petitioner's Motion to Court to File Decision or Response.

MEMORANDUM DECISION AND ORDER - 1

## BACKGROUND

After a jury trial in state district court, Petitioner was convicted of three counts of lewd conduct with a minor and one count of sexual abuse of a minor. (State's Lodging A-1, pp. 82-84.) For the lewd conduct convictions, he was sentenced to 30 years in prison with 15 years fixed, and for the sexual abuse conviction, he was sentenced to 15 years in prison with 5 years fixed. (*Id*. at 83.) Petitioner is serving his sentences concurrently. (*Id*.) Petitioner's convictions and sentences were affirmed by the Idaho Court of Appeals, and the Idaho Supreme Court declined to review the case. (State's Lodgings B-3, B-6.)

Petitioner next pursued post-conviction relief. (State's Lodging C-1.) The district court summarily denied relief, and the Idaho Court of Appeals affirmed in part and reversed in part, remanding for the appointment of counsel. (State's Lodging D-4. p. 8.) On remand, the district court appointed counsel for Petitioner before again denying relief. (State's Lodging E-1, pp. 66-78, 81-94.) The Idaho Court of Appeals affirmed this decision, and Petitioner's petition for review was denied. (State's Lodgings F-7, F-12, F13.)

On January 28, 2011, Petitioner filed a Petition for Writ of Habeas Corpus in this Court, commencing these proceedings. (Dkt. 3.) He raised five broad claims, including several sub-claims and sub-issues. (Dkt. 3-1, pp. 1-2.) United States Magistrate Judge Larry M. Boyle reviewed the Petition and ordered the Clerk to serve it on Respondent. (Dkt. 6.) The case was later reassigned to the undersigned District Judge. (Dkt. 7.)

Respondent has responded to the Petition by filing a Motion for Partial Summary Dismissal. (Dkt. 10.) He argues that Petitioner did not fairly present his claims to the state courts, except a single issue that Petitioner's trial counsel had been ineffective in failing to inform him that he had a right under the Fifth Amendment not to participate in a pre-sentencing psychosexual evaluation. (Dkt. 10-1, p. 12.) Because the time to present the other claims has passed, Respondent asserts that those claims are procedurally defaulted and must be dismissed. (*Id*.)

Rather than respond to Respondent's Motion, Petitioner lodged an Amended Petition. (Dkt. 21, p. 7.) The Court construes the Amended Petition as raising two claims, both of which center on Petitioner's involvement in the psychosexual evaluation: (1) a violation of his right to the effective assistance of counsel under the Sixth Amendment and (2) a violation of his privilege against self-incrimination under the Fifth Amendment.[1]

Long after he had submitted his Amended Petition, Petitioner filed a Late Motion for Leave to File Amended Petition. (Dkt. 27.) He has also requested the appointment of counsel. (Dkts. 22, 28.)

These matters are fully briefed, and the Court is prepared to issue its ruling.

---

[1] Petitioner also asserts that his rights under the Idaho Constitution were violated, but federal habeas relief does not lie for errors of state law. *Estelle v. McGuire*, 502 U.S. 62 (1991).

MEMORANDUM DECISION AND ORDER - 3

## PETITIONER WILL BE GRANTED LEAVE TO AMEND

The Court will first take up Petitioner's request to file his Amended Petition. An application for habeas relief may be amended "as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242.  Rule 15 of the Federal Rules of Civil Procedure governs the amendment of civil pleadings.

A civil litigant may amend his or her pleading once as a matter of course within 21 days after a responsive pleading has been filed, or within 21 days after service of a motion to dismiss under Rule 12 of the Federal Rules of Civil Procedure, whichever is earlier. Fed. R. Civ. P. 15(a)(1). Because Petitioner lodged his Amended Petition more than 21 days after Respondent filed his Motion for Partial Summary Dismissal, he may amend only by leave of court, which must be given freely "when justice so requires," or by consent of the opposing party. Fed. R. Civ. P. 15(a)(2). There is a strong public policy in favor of amendment, but a court retains the discretion to deny leave to amend after considering factors such as bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

Respondent does not appear to object to Petitioner's request to amend (Dkts. 23, 29), and after weighing the *Bonin* factors, the Court will exercise its discretion under Rule 15(a) to allow the amendment. Because the Court will allow the Amended Petition to be filed, Respondents' Motion for Partial Summary Dismissal pertaining to the original Petition will be dismissed as moot.

MEMORANDUM DECISION AND ORDER - 4

## REVIEW OF THE AMENDED PETITION

The Court now reviews the Amended Petition to determine whether it is subject to summary dismissal under Rule 4 of the Rules Governing Section 2254 Cases. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id*. In conducting this review, the Court takes judicial notice of the record of the state court proceedings that Respondent has lodged with the Court.

In his Amended Petition, Petitioner alleges violations of his right to the effective assistance of counsel under the Sixth Amendment (Claim 1) and his privilege against self-incrimination under the Fifth Amendment (Claim 2). An initial question is whether he has properly exhausted both of these claims in the Idaho state courts.

A habeas petitioner must exhaust all potential remedies in state court before a federal court can grant relief on a constitutional claim. 28 U.S.C. § 2254(b)(1)(A). This requirement is technically satisfied when no state court remedies remain available, but the federal court must also ask whether the petitioner exhausted his potential remedies *properly*. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). To do so, he must have "fairly presented" each constitutional claim at all levels of the state's appellate review process, giving the state courts a full and fair opportunity to correct the alleged error before the federal court intervenes. *Boerckel*, 526 U.S. at 848; *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

When a petitioner has not fairly presented a habeas claim to the state courts, and it is now clear that the claim would be barred by a state procedural rule, the claim has been procedurally defaulted. *Gray v. Netherland*, 518 U.S. 152, 161 (1996). Similarly, a constitutional claim is also defaulted when the state court expressly denied or dismissed it after invoking a state procedural bar. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). If the state's procedural rule is both independent of federal law and adequate to support the state court's judgment, the defaulted claim will not be considered in a habeas proceeding, unless the petitioner can establish cause for the default and actual prejudice, or he can show that he is probably innocent. *Id.* at 750.

Petitioner's first claim – ineffective assistance of counsel – was raised and exhausted in the Idaho appellate courts during the post-conviction action. (State Lodging F-7, pp. 3-4; State's Lodging F-11.) The Idaho Court of Appeals rejected the second claim after noting that it had not been presented in the trial court and that "[g]enerally, issues not raised below may not be considered for the first time on appeal." (State's Lodging F-7, p. 5.) But it further indicated that Petitioner's "claim has recently been rejected [on its merits] by this Court." (*Id*.) It therefore appears that the state court's decision as to the second claim rests, at least alternatively, on a state procedural bar, but Petitioner argues that the claim was either fairly presented or that any default should be excused.

In light of the current posture of this case, the Court chooses not to resolve whether the second claim is procedurally defaulted at this time. It may be easier to

MEMORANDUM DECISION AND ORDER - 6

dispose of the claim on its merits, *see* 28 U.S.C. §§2254(b)(2), and the Court will order Respondent to submit an answer to the Amended Petition in which he may raise all procedural defenses in addition to addressing the merits of these claims.

## PETITIONER'S MOTIONS TO APPOINT COUNSEL

Petitioner has filed two new motions for the appointment of counsel. The Court has previously denied Petitioner's requests for the assistance of counsel, and it sees no need to revisit that issue. (Dkt. 6, p. 6; Dkt. 16.) Petitioner has been able to articulate his claims sufficiently, and it is unclear whether either claim is potentially meritorious or would require additional evidentiary development.

Accordingly, Petitioner's motions will be denied. The Court will later re-evaluate whether counsel might be necessary on its own, if appropriate.

## ORDER

**IT IS ORDERED**:

1. Petitioner's Late Motion for Leave to File Amended Petition (Dkt. 27) is GRANTED, and the Amended Petition (Dkt. 21) is deemed properly filed.

2. Respondent's Motion for Partial Summary Dismissal (Dkt. 10) is DEEMED MOOT.

3. Petitioner's Motion to Court to File Decision or Response (Dkt. 25) is DEEMED MOOT.

4. Petitioner's Motion and Affidavit in Support for Appointment of Counsel (Dkt. 22) and Petitioner's Motion for the Appointment of Counsel – Renewed (Dkt. 28). are DENIED

5. No later than **60 days** from the date of this Order, Respondent shall file an answer to the Amended Petition. The Court does not invite a second motion for summary dismissal. The answer should also contain a brief setting forth the factual and legal basis of grounds for dismissal and/or denial of each claim. Petitioner shall file a reply (formerly called a traverse), containing a brief rebutting Respondent's answer and brief, which shall be filed and served **within 30 days** after service of the answer. Respondent has the option of filing a sur-reply **within 14 days** after service of the reply. At that point, the case shall be deemed ready for a final decision.

DATED: August 28, 2012

_____
B. Lynn Winmill
Chief Judge
United States District Court